**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHIREETHA W.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 9142** |
| **v.** | ) | |
| | ) | **Magistrate Judge Gabriel A. Fuentes** |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**[2]

Before the Court are Plaintiff Shireetha W.'s memorandum in support of reversing and remanding the Commissioner's decision denying her applications for disability benefits (D.E. 11, "Pl. Mem."), Defendant's memorandum in support of affirming the Commissioner's decision (D.E. 15), and Plaintiff's reply brief in support of reversal and remand (D.E. 16).

**I.        Procedural History**

Plaintiff applied for disability benefits on July 12, 2022, alleging a disability onset date ("AOD") of July 1, 2022. After a hearing, the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's applications on June 6, 2024, finding her not disabled under the Social Security Act (the "Act").[3]

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court. To the extent the Court uses pronouns in this order, the Court uses those pronouns used by the parties in their memoranda.

[2] On August 14, 2025, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to this Court for all proceedings, including entry of final judgment. (D.E. 6.)

[3] The Appeals Council subsequently denied review of the opinion (R. 1-3), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

## II.    The ALJ Decision

The ALJ applied the Social Security Administration's ("SSA") five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since her AOD. (R. 18.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of hypertension, spondylosis of the lumbar spine, degenerative joint disease of the left ankle, bilateral degenerative joint disease of the knees, obesity, migraines, and diabetes mellitus. (*Id*.) At Step Three, the ALJ found Plaintiff's impairments alone or in combination did not meet or medically equal any Listing. (*Id*.) The ALJ assessed Plaintiff with a residual functional capacity ("RFC") to perform medium work "except frequent ramps or stairs, ladders, ropes, or scaffolds; frequent stoop, kneel, crouch, and crawl." (*Id*.) At Step Four, the ALJ found Plaintiff was capable of performing her past relevant work as a shirt presser, receptionist (composite job), or stock clerk (R. 22-23.) Thus, the ALJ determined that Plaintiff was not disabled under the Act. (R. 23.)

## III.    Legal Standard

An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford

2

the appellant meaningful judicial review." *Id.* at 1054. "Our role is extremely limited, and we do not reweigh evidence, make credibility determinations, or substitute our judgment for the ALJ's determination." *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025) (internal quotations omitted). The Seventh Circuit has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement as ALJs: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

## IV.    Analysis

On appeal, Plaintiff makes one argument: that this Court should reverse and remand the ALJ's decision because the ALJ misapplied the law regarding Plaintiff's subjective complaints. (Pl. Mem. at 3-6.) Specifically, Plaintiff contends the ALJ violated Social Security Ruling ("SSR") 16-3p on "Evaluation of Symptoms in Disability Claims," which instructs that ALJs must consider the reasons an individual did not seek certain treatment for her impairments. SSR 16-3p, 2017 WL 5180304, at *9. Plaintiff argues that the ALJ drew "an adverse inference from the fact that [Plaintiff] was not using narcotic medications to treat her pain," despite her "prior history of opioid addiction." (Pl. Mem. at 4.) In support of this argument, Plaintiff cites medical evidence from August and November 2021 that indicated she suffered headaches likely due to methadone withdrawal, and that her primary care physician prescribed over-the-counter Tylenol, Tramadol (an opioid) on a short-term basis, and then gabapentin (for nerve pain) and amitriptyline (an antidepressant). (*Id.*, citing R. 360-61, 374-75).

Plaintiff's argument has several shortcomings, the first of which is that Plaintiff does not allege that the ALJ's allegedly improper application of SSR 16-3p had any effect on the ALJ's conclusions, including the RFC determination. As the Court explains below, the ALJ did not err

3

in applying SSR 16-3p, and even if the ALJ *had* erred in applying SSR 16-3p, the error would be harmless as it had no effect on the ALJ's ultimate determination. *See Padua v. Bisignano*, 145 F.4th 784, 791 (7th Cir. 2025) (finding that errors were harmless where claimant did not identify specific limitations the ALJ should have included in the RFC); *Cain*, 148 F.4th at 498 (holding that as claimant "d[id] not explain how the RFC analysis should have been different or show how the ALJ's determinations lack substantial support in the record..., the ALJ did not commit legal error").

Second, the two 2021 reports Plaintiff cites do not satisfy her "evidentiary burden on appeal" to "show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471. The August 2021 report states that Plaintiff experienced headaches after tapering off methadone, and the physician prescribed Tramadol short-term to address those headaches. (R. 360-61.) The headaches did not subside, so on November 4, 2021, Plaintiff's physician prescribed gabapentin and amitriptyline. (R. 374-75.) As the ALJ pointed out, however, by the time of Plaintiff's AOD on July 1, 2022, Plaintiff "had no concerns" about headaches. (R. 19-20, citing R. 410-11.) Plaintiff cites no evidence after August 2021 that mentions a prior opioid addiction or indicates that she was not prescribed opioids because of a prior addiction. (Pl. Mem. at 4-5.) And despite Plaintiff's counsel's extensive examination of her during the hearing before the ALJ, there was no mention of any issues with opioids or addiction. (*See* R. 45-52.)

> Nowhere does [Plaintiff] identify what evidence the ALJ overlooked or discounted, nor does she explain how the RFC determination should have been different.... [She] bears this evidentiary burden on appeal.... It is not enough to nitpick the ALJ's order. To warrant reversal, [Plaintiff] must show that the ALJ's determination was not supported by substantial evidence. And there is no way to satisfy that burden without grappling with the evidence: [Plaintiff] must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record.

*Morales*, 103 F.4th at 471. With her two citations to records dated almost a year before the AOD, Plaintiff does not meet that burden here.

In addition, the ALJ's determination as to Plaintiff's credibility was supported by substantial evidence. In evaluating a claimant's subjective symptoms, 20 C.F.R. § 404.1529(c) and SSR 16-3p state that ALJs should consider multiple factors, including the intensity and limiting effects of symptoms, treatment and efficacy, daily activities, and statements inconsistent with the record. *Pufahl v. Bisignano*, 142 F.4th 446, 458 (7th Cir. 2025). "An ALJ need not discuss every detail in the record as it relates to every factor. As long as an ALJ gives specific reasons supported by the record, we will not overturn a credibility determination unless it is patently wrong," "which means that the decision lacks any explanation or support." *Id.* (internal citations and quotations omitted). The ALJ here found Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms (such as only being able to "stand for a few minutes" and "sit for about 5 to 10 minutes") were "inconsistent" with Plaintiff's medical history, her objective tests and exam findings that were "generally [] normal," and her "conservative treatment history," which "consist[ed] of non-narcotic medication and recommendations for lifestyle changes." (R. 19, 21.)

Specifically, the ALJ noted that despite complaining of ankle pain at a January 31, 2023, appointment, Plaintiff had "normal findings on physical exam, including a normal musculoskeletal exam with normal range of motion and no swelling or tenderness." (R. 20.) In addition, Plaintiff was prescribed only Tylenol Extra Strength and "counseled on weight loss, exercise, and diet and medication adherence," due to previous lack of compliance. (*Id.*) Similarly, the ALJ pointed out that at the April 28, 2023, internal medicine consultative exam, Plaintiff "said her lumbar pain was non-radiating and walking and standing exacerbated her pain," but she had "normal, non-antalgic gait, and otherwise had no difficulty in performance, with 5/5 strength in all areas measured and

5

normal ranges of motion." (*Id.*) The next record of a medical visit was October 3, 2023, at a follow-up consultative exam. The ALJ acknowledged that Plaintiff had "mild difficulties" and lumbar tenderness on exam, but noted that the exam was otherwise normal, with normal lumbar range of motion ("ROM") and negative straight leg raise test bilaterally. (R. 20-21.) The following week, on October 10, 2023, Plaintiff had tenderness to palpation in her knees, but reflexes and ROM in her knees remained normal, and she "was again prescribed non-narcotic ibuprofen to address her pain" (R. 21.) Plaintiff's next medical appointment was not until April 8, 2024. Plaintiff again complained of knee and back pain, but the ALJ noted that she continued to have normal ROM and reflexes, and that was "[c]onsistent with ... only "mild/moderate" findings on objective radiographic testing." (*Id.*)[4] In addition, the ALJ noted that Plaintiff testified that "she can mostly do her activities of daily living" besides cooking. (R. 19.) The Court's review thus shows that "the ALJ provided specific, well-supported reasons for discounting [Plaintiff's] subjective complaints. That determination is not patently wrong and therefore provides no basis for overturning the ALJ's credibility determination." *Pufahl*, 142 F.4th at 459.

---

[4] The Court notes that the ALJ also reviewed the medical opinion evidence. The ALJ rejected the State Agency findings at the initial level as not restricted enough and adopted the State Agency opinion on reconsideration as the RFC because it was supported by the evidence listed above. (R. 22.) Plaintiff cites to no medical opinion evidence in the record that found greater limitations in her RFC, and as noted above, Plaintiff does not suggest that any greater limitations were warranted. *See Gedatus v. Saul*, 994 F.3d 893, 902-03 (7th Cir. 2021) (emphasizing that there was no doctor's opinion in the record which indicated greater limitations than those found by the ALJ).

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff's memorandum in support of reversing and remanding the ALJ's decision (D.E. 11) and grants Defendant's memorandum in support of affirming the decision (D.E. 15).

**SO ORDERED.**

ENTER:

_____
**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED:  March 17, 2026**

7